USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                             Plaintiff,

-against-

JOEL LINGAT and JOSEPH EUGENE LEMAY,

                            Defendants.

1:21-cr-573-MKV

**OPINION AND ORDER
DENYING RENEWED RULE 29
MOTIONS FOR ACQUITTAL**

MARY KAY VYSKOCIL, United States District Judge:

      After a nine-day jury trial, the defendants, Joel Lingat and Joseph Eugene Lemay, were each convicted of one count of conspiracy to defraud the United States, specifically, the Internal Revenue Service ("IRS"), in violation of Title 18, United States Code, Section 371. Defendants now move pursuant to Rule 29 of the Federal Rules of Criminal Procedure for a judgment of acquittal. [ECF Nos. 177, 178]. As discussed below, the Defendants' motions are DENIED because the sole argument they set forth is directly foreclosed by binding Second Circuit and Supreme Court precedents.

## BACKGROUND

      In August 2022, a grand jury returned a superseding indictment, S2, charging Lingat and Lemay each with a single count of conspiracy to defraud an agency of the United States, in violation of Title 18, United States Code, Section 371. [ECF No. 71 (the "Indictment")]. The Indictment alleged that from in or about 2010 through late 2016, a moving-company named Moishe's Moving paid its movers off-the-books, without making any payroll tax contributions, as part of a scheme to defraud the United States by avoiding payment of taxes. The Indictment further alleged that the scheme was carried out through the use of sham companies

1

that purportedly employed laborers working at the direction and under the control of Moishe's Moving. Defendants, in various managerial roles at Moishe's Moving, allegedly directed and oversaw these practices.

On April 2, 2024, the Defendants' joint trial began. On April 10, 2024, after the Government had called ten witnesses, and introduced well over 80 exhibits, defense counsel for Lingat—joined by defense counsel for Lemay—made a motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure seeking a judgment of acquittal, arguing that the sole conspiracy charge against each Defendant under 18 U.S.C. § 371 (also called a "*Klein* conspiracy," defined below) could not stand because the Indictment did not also charge Defendants with the underlying substantive crime of payroll tax evasion. Trial Tr. 842-9.

In support of its Rule 29 motion, defense counsel raised the Second Circuit decision *United States v. Coplan*, 703 F.3d 46 (2d Cir. 2012), arguing that despite "g[iving] a continuing imprimatur to the *Klein* conspiracy prosecutions in this district, [*Coplan*] expressed extreme doubt as to the continued validity of this doctrine but believed that it was constrained by the doctrine of *stare decisis* to continue that position." Trial Tr. 842:7-21. Defense counsel went on to explicitly recognize that in light of *Coplan*, the *Klein* conspiracy doctrine remains "the law of the Circuit" despite "believ[ing] that *Coplan* will be overruled." Trial Tr. 845:4-5. First, the Court noted for the record that "at no point, throughout the several years that this case has been pending and the indictment was known to [defense counsel], did [they] raise this issue" until trial had already commenced. Trial Tr. 845:6-8. After reviewing the standard for granting a Rule 29 motion on the record, the Court denied Defendants' Rule 29 motions, finding that based on the evidence presented by the Government, and construing all evidence in the light most favorable to the Government, reasonable jurors could find Defendants guilty beyond a reasonable doubt. *See*

2

Trial Tr. 845:15-23.

In charging the jury at the end of the case, the Court explained that "the indictment charges that the defendants entered into a conspiracy or an agreement to defraud an agency of the United States, that is the Internal Revenue Service." Trial Tr. 1312:16-19. The Court additionally provided "a preliminary word about what this case is *not* about." Trial Tr. 1313:7-8. Specifically, the Court emphasized that "[t]his case [] has nothing to do with the actual collection of any taxes that may be due to the government." Trial Tr. 1313:11-12. The Court explained that "[t]he sole count in the indictment charges each defendant with participating in a *conspiracy*," which "is separate and distinct from the violation of any specific federal law, which the law refers to as a *substantive crime*." Trial Tr. 1313:24-25, 1314:4-6 (emphasis added). The Court further explained that the jury "may find the defendant guilty of conspiracy to commit an offense even though the substantive crime or crimes, which were the object of the conspiracy, were not actually committed, were not successful or were impossible to achieve." Trial Tr. 1314:8-12. Notably, defense counsel consented to all of these instructions in advance at the charging conference, never objected to them during the trial, and, in fact, these charges were primarily jointly proposed by the parties.

Ultimately, on April 15, 2024, the jury convicted each of the Defendants of one count of conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371. [ECF No. 154]. The Defendants now move for a judgment of acquittal pursuant to Rule 29, seeking reconsideration of the Court's denial of their Rule 29 motions at the close of the Government's case. [ECF Nos. 177, 177-5 ("Rule 29 Mem."), 178].[1]

---

[1] Defendant Lemay did not file his own memorandum of law in support of his renewed Rule 29 motion, but instead joins Defendant Lingat's motion "for the reasons set forth in Mr. Lingat's memorandum of law." [ECF No. 178].

3

## LEGAL STANDARD

The Court may enter a judgment of acquittal pursuant to Rule 29 on a count of conviction only if "no rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Gu*, 8 F.4th 82, 86 (2d Cir. 2021) (citing *United States v. Pierce*, 785 F.3d 832, 837–38 (2d Cir. 2015)). Accordingly, Defendants "bear[] a heavy burden, as the standard of review is exceedingly deferential" to the jury's verdict. *Gu*, 8 F.4th at 86 (quoting *United States v. Brock*, 789 F.3d 60, 63 (2d Cir. 2015) (internal quotation marks omitted). Moreover, on a Rule 29 motion for a judgment of acquittal made after a verdict has been reached, the evidence at trial must be viewed in the light most favorable to the Government. *United States v. Barret*, 848 F.3d 524, 535 (2d Cir. 2017). "Viewing the evidence in the light most favorable to the Government means 'crediting every inference that the jury might have drawn in favor of the Government.' " *United States v. Eppolito*, 543 F.3d 25, 45 (2d Cir. 2008) (quoting *United States v. Temple*, 447 F.3d 130, 136 (2d Cir. 2006)).

In a conspiracy case, such as this, the deference accorded a jury's verdict is "especially important" because "a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel." *Barret*, 848 F.3d at 534 (internal quotation marks and citations omitted).

## DISCUSSION

Defendants set forth a single argument in support of their Rule 29 motions. Defendants do not challenge the sufficiency of the proof with respect to specific elements of the crimes of which they were convicted. Instead, they argue that the sole conspiracy charge against each of them under 18 U.S.C. § 371 cannot stand because the Indictment did not also charge them with the underlying substantive crime of payroll tax evasion. In effect, the Defendants challenge the legal

validity of the *Klein* conspiracy doctrine, recognizing that it *is* supported by Second Circuit precedent, but arguing that such precedent ultimately will likely be overturned.

I. **History of the *Klein* Conspiracy Doctrine**

By way of brief background, the *Klein* conspiracy doctrine at issue here is the progeny of two seminal Supreme Court cases, *Haas v. Henkel*, 216 U.S. 462 (1910) and *Hammerschmidt v. United States*, 265 U.S. 182 (1924), which helped shape how federal courts interpret the word "defraud" in Section 371, the federal "conspiracy to defraud the United States" statute. In *Haas*, the Supreme Court held that "it is not essential that such a conspiracy shall contemplate a financial loss or that one shall result. The statute is broad enough in its terms to include any conspiracy for the purpose of impairing, obstructing, or defeating the lawful function of any department of government." 216 U.S. at 479. Fourteen years later, in *Hammerschmidt*, the Supreme Court "attempted to retrench from the expansive reading of Section 371 in *Haas* . . . holding that '[t]o conspire to defraud the United States means primarily to cheat the government out of property or money, but it also means to interfere with or obstruct one of its lawful governmental functions *by deceit, craft or trickery, or at least by means that are dishonest*.' " *United States v. Coplan*, 703 F.3d 46, 60 (2d Cir. 2012) (quoting *Hammerschmidt*, 265 U.S. at 188) (emphasis in original).

Over thirty years after *Hammerschmidt*, the Second Circuit issued its opinion in *United States v. Klein*, 247 F.2d 908, 916 (2d Cir. 1957). In *Klein*, the defendants were charged with tax evasion and a Section 371 "defraud conspiracy" in connection with their whiskey selling business. *Id*. at 915–16. The district court entered judgments of acquittal on the substantive tax evasion counts, and the jury subsequently convicted on the remaining Section 371 conspiracy count. On appeal, relying on both *Haas* and *Hammerschmidt*, the Second Circuit upheld the Section 371 convictions, sanctioning the so-called "*Klein* conspiracy" theory whereby defendants may be

5

prosecuted under the general Section 371 conspiracy statute without also being prosecuted for the underlying substantive crime. *Id.* Thus, in order to prove a *Klein* conspiracy, the Second Circuit has held that the Government must show "(1) that [the] defendant entered into an agreement (2) to obstruct a lawful function of the Government (3) by deceitful or dishonest means and (4) at least one overt act in furtherance of the conspiracy."[2] *Coplan*, 703 F.3d at 61. This has been the law in this Circuit for more than 65 years. Indeed, for more than one hundred years, the Supreme Court and the Second Circuit have adhered to the view that the Government may charge and prove a conspiracy to defraud an agency of the United States under 18 U.S.C. § 371 without charging or proving any separate or overlapping substantive violation of a criminal statute. *See Haas*, 216 U.S. at 479; *Hammerschmidt*, 265 U.S. 182; *Klein*, 247 F.2d at 910; *Coplan*, 703 F.3d at 62.

In more recent years, the Supreme Court has issued a series of opinions, beginning with *Skilling v. United States*, 561 U.S. 358 (2010), which appear to indicate the Supreme Court's intent to limit the application of certain broadly drafted federal criminal statutes to include only those criminal acts that the statutes specifically were intended to punish. *See* 561 U.S. 358 (restricting the scope of the "honest services fraud statute" as applied to bribery or kickback charges); *Fischer v. United States*, No. 23-5572, 603 U.S. ___ (2024) (limiting the "otherwise" provision of the Sarbanes-Oxley Act of 2002, specifically 18 U.S.C. §1512(c)(2)); *Kelly v. United States*, 590 U.S. 391 (2020) (narrowing the definition of "property" for purposes of federal fraud statutes); *Marinello v. United States*, 584 U.S. 1 (2018) (imposing a nexus requirement for attempts to interfere with administration of internal revenue laws under 26 U.S.C. § 7212(a)); *McDonnell v. United States*, 579 U.S. 550 (2016) (narrowing the definition of an "official act" under the federal

---

[2] Indeed, the Court so charged the jury that for the Section 371 charge against Defendants in this case, "[a] conspiracy to defraud exists simply when there is an *agreement*, if you so find, to impede, impair, *obstruct* or defeat, by *fraud or dishonest means*, a *lawful function* of the IRS." *See* Trial Tr. 1319:6-9 (emphasis added).

bribery statute, 18 U.S.C. § 201(b)(3)).  Notably, these cases make no mention of Section 371—the statute under which both Defendants have been convicted.

In its 2012 *United States v. Coplan* decision, the Second Circuit in *dicta* voiced skepticism over the legal validity of the *Klein* conspiracy doctrine, particularly with respect to an "expansive reading of § 371."  703 F.3d at 61–62 ("The Government [] appears implicitly to concede that the *Klein* conspiracy is a common law crime, created by the courts rather than by Congress.  That fact alone warrants considerable judicial skepticism."); *id*. (" . . . we are bound to follow the dictates of Supreme Court precedents, no matter how persuasive we find the arguments for breaking loose from the moorings of established judicial norms by 'paring' a statute.").  Nevertheless, in *Coplan*, the Second Circuit held that "[n]otwithstanding these infirmities in the history and deployment of the statute it is now well established that § 371 is not confined to fraud as that term has been defined in the common law, but reaches any conspiracy for the purpose of impairing, obstructing or defeating the lawful function of any department of Government."  *Id*. at 61 (internal quotation marks omitted) (citations omitted).  Despite the Circuit's skepticism, it held that "[a]s an intermediate appellate court, [it is] bound to follow the dictates of Supreme Court precedents."  *Id*. at 62.  Accordingly, "because the *Klein* doctrine derives from and falls within the scope of the law of the Circuit (itself grounded on long-lived Supreme Court decisions)," the Second Circuit rejected the defendants' challenge to the validity of the *Klein* theory of criminal liability.  *Id*.

## II. Defendant's Rule 29 Motion Pursuant to *Coplan*

In their Rule 29 motions, Defendants challenge the legal validity of the *Klein* theory of conspiracy under which they were convicted, arguing that both *Coplan* and the aforementioned series of Supreme Court cases have "undermined" the doctrine.  Rule 29 Mem. at 7.  Defendants concede—both on the record and in their briefing—that the *Klein* conspiracy doctrine

7

remains valid and "the law of the Circuit." Trial Tr. 845:4-5; *see* Rule 29 Mem. at 4, 5, 6. Defendants nevertheless urge the Court to ignore binding Supreme Court and Second Circuit precedent because counsel "believe[s] that [such precedent] will be overruled." Trial Tr. 845:4-5. To put it quite simply, the Court is frankly baffled by Defendants' brazen request that the Court overlook binding precedent.

The *Coplan* Court expressly acknowledged that it was bound to follow "the *Klein* doctrine" because it "derives from and falls within the scope of the law of the Circuit (itself grounded on long-lived Supreme Court decisions)." *Coplan*, 703 F.3d at 62. It is not at all clear that the *Coplan* panel could have overruled binding Second Circuit or Supreme Court precedent. *See United States v. Peguero*, 34 F.4th 143, 158 (2d Cir. 2022) ("It is a longstanding rule that a panel of our Court is bound by the decisions of prior panels until such times as they are overruled either by an *en banc* panel of our Court or by the Supreme Court.") (internal quotation marks omitted). Moreover, where "the Second Circuit has spoken directly to the issue presented by [a] case," "this Court is required to follow that decision unless and until it is overruled in a precedential opinion by the Second Circuit itself or unless a subsequent decision of the Supreme Court so undermines it that it will almost inevitably be overruled by the Second Circuit." *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015) (internal quotation marks omitted), *aff'd*, 854 F.3d 197 (2d Cir. 2017).

Defendants argue that this Court need not adhere to *Coplan's* express holding, citing instead the Circuit's *dicta* in *Coplan* expressing skepticism over the legal validity of the *Klein* doctrine and citing the series of Supreme Court cases which have pared down the reach of certain federal statutes other than Section 371. The Court will not, as Defendants urge, ignore the clear holding of *Coplan* in favor of mere *dicta*. *See Jimenez v. Walker*, 458 F.3d 130, 142 (2d Cir. 2006)

8

("*[D]icta* are not and cannot be binding. Holdings—what is necessary to a decision—are binding. *Dicta*—no matter how strong or how characterized—are not.") (internal punctuation omitted); *see also Villanueva v. United States*, 893 F.3d 123, 133 n.1 (2d Cir. 2018) (same). Moreover, to this Court's knowledge, the Second Circuit has not revisited the legal validity of the *Klein* doctrine since *Coplan* was decided twelve years ago. District courts in this Circuit continue to recognize the validity of the doctrine. *See e.g.*, *United States v. Liu*, No. 19-CR-804 (VEC), 2022 WL 443846, at *3 (S.D.N.Y. Feb. 14, 2022), *aff'd*, No. 22-1082, 2022 WL 14177192 (2d Cir. Oct. 25, 2022) ("Far from a vague or overbroad 'omnibus inaccuracy crime,' a *Klein* conspiracy reaches only activity committed with the requisite *mens rea* of deceitful or dishonest conduct");[3] *United States v. Nejad*, No. 18-CR-224 (AJN), 2019 WL 6702361, at *10 (S.D.N.Y. Dec. 6, 2019) (denying defendant's motion to dismiss Section 371 charge, finding argument was "foreclosed by the Second Circuit's decision in *United States v. Coplan*, 703 F.3d 46 (2d Cir. 2012), which reaffirmed the validity of the so-called *Klein* theory of conspiracy charged"); *United States v. Middendorf*, No. 18-CR-36 (JPO), 2018 WL 3443117, at *4 (S.D.N.Y. July 17, 2018).

Thus, the only remaining question for this Court is whether the series of Supreme Court cases paring down the reach of certain other federal statutes "so conclusively supports that finding that the Second Circuit or the Supreme Court is all but certain to overrule" the *Klein* conspiracy doctrine. *United States v. Emmenegger*, 329 F. Supp. 2d 416, 429 (S.D.N.Y. 2004). The clear answer is no. The *Klein* conspiracy doctrine is rooted in more than one hundred years of case law. Since 1910, the Supreme Court and the Second Circuit have adhered to the view that the

---

[3] Indeed, the Court so charged the jury that "[a] conspiracy to defraud the United States need not necessarily involve cheating the government out of money or property . . . [but] also includes conspiracies to interfere with, or obstruct, any lawful government function *by fraud, deceit or any dishonest means*." Trial Tr. 1318:8-12 (emphasis added); *see also id*. 1320:21-24 ("As applied to this case, that means the defendant must have consciously intended to impede, impair, obstruct or defeat the lawful function of the IRS *by fraud, deceit or other dishonest means*.") (emphasis added).

9

Government may charge and prove a conspiracy to defraud an agency of the United States under 18 U.S.C. § 371 without charging or proving any separate or overlapping substantive violation of a criminal statute. *See Haas*, 216 U.S. at 479; *Hammerschmidt*, 265 U.S. 182; *Klein*, 247 F.2d at 910; *Coplan*, 703 F.3d at 62. Although the Supreme Court has limited the scope of *some* federal statutes, none of those decisions concern or even discuss Section 371. In other words, Defendants provide no explanation as to how cases, which do not even reference Section 371, could have any bearing on *Coplan's* direct holding with respect to the issue at hand. Therefore, *Coplan's* holding remains binding upon this Court, and the *Klein* conspiracy doctrine under which Defendants were convicted remains legally valid.

## CONCLUSION

For the reasons set forth above, the Defendants' Rule 29 motions for acquittal on Count One [ECF No. 71] are DENIED. The Clerk of Court is respectfully requested to terminate the motion at docket entries 177, 178, and 182.

**SO ORDERED.**

Date: July 30, 2024
New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**